**In re Quyen NGUYEN.**

No. 12–03–00162–CV.

Court of Appeals of Texas, Tyler.

June 18, 2003.

Carole W. Clark, Tyler, for respondent.

George Conner, III, Tyler, Ken W. Good, Mary Strand, Tyler, for relator.

Thad W. Davidson, for Other.

Leslie L. McLean, Tyler, for real party in interest.

Panel consisted of WORTHEN, C.J. and GRIFFITH, J.

## OPINION

SAM GRIFFITH, Justice.

Relator Quyen Nguyen ("Nguyen") seeks a writ of mandamus requiring the trial court to vacate its amended scheduling order and a writ of prohibition ordering the trial court to take no further action in the underlying proceeding. We conditionally grant the writ of mandamus and deny the writ of prohibition.

### BACKGROUND

Nguyen filed a petition for divorce from the real party in interest, Quan Tran ("Tran"). The trial court granted Nguyen's motion for substituted service, and Tran was served by publication. The court also appointed an attorney ad litem to represent Tran. On December 16, 2002, a final decree of divorce was entered. On the same date, Tran filed a motion for new trial alleging that the attorney ad litem had located Tran and that Tran had retained the attorney ad litem to represent him and to file the motion for new trial. At a hearing on January 10, 2003, the trial court ordered the parties to mediation, but did not take up the motion for new trial. The mediation was unsuccessful.

On January 15, 2003, the trial court entered a scheduling order. On April 15, the parties appeared before the trial court at which time the court entered an amended scheduling order. The order scheduled pretrial for June 6 and trial for June 10. At the April 15 hearing, the attorneys raised the issue of the trial court's jurisdiction on the ground that no new trial had been granted. In response, the trial court made an entry on the docket sheet stating that "ct. finds s/o entered on 1–15–03 is an order granting new trial." On May 16, 2003, Nguyen's attorney of record filed a motion to withdraw, and the trial court scheduled a hearing on the motion for June 2. On May 28, Nguyen filed her petition for writs of mandamus and prohibition with this court and also filed a motion requesting a stay of the trial court proceedings pending resolution of her petition. We granted Nguyen's motion and issued a stay order on May 29.

### AVAILABILITY OF MANDAMUS

■ Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex.2000) (orig.proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding). Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.* Mandamus is proper if a trial court issues an order after its plenary power expires. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig.proceeding). Such an order is void and constitutes an abuse of discretion. *Id.* Because the order is void, the relator need not show it does not have an adequate remedy by appeal. *Id.*

### ABUSE OF DISCRETION

■ The trial court has plenary power to grant a new trial within thirty days after the judgment is signed. TEX.R. CIV. P. 329b(d). If a motion for new trial is timely filed and is not determined by a written order signed within seventy-five days after the judgment is signed, the motion is overruled by operation of law on the expiration of the seventy-five-day period. TEX.R. CIV. P. 329b(c). The trial court has plenary power to grant a new trial until thirty days after all timely-filed motions for new trial are overruled, either by a written and signed order or by operation of law, whichever occurs first. TEX.R. CIV. P. 329b(e). Thus, the trial court's plenary power to grant a new trial is limited to a maximum of 105 days after the judgment is signed.

In the instant case, the final decree of divorce was signed on December 16, 2002, and Tran's motion for new trial was filed on the same day. The trial court did not enter a written order expressly ruling on the motion for new trial. Moreover, it is undisputed that the court did not specifically address the motion for new trial in the hearing on January 10, 2003.

Tran points out that the scheduling order signed on January 15, 2003 is a written order, signed by the trial court prior to the expiration of the court's plenary power. Furthermore, the scheduling order set a final trial date of April 15, 2003. Therefore, Tran contends that the trial court correctly found that the scheduling order is an order granting a new trial. We disagree.

■ An order granting a new trial must be in writing and signed by the trial court. *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex.1993). A written, signed scheduling order setting a case for trial is not a substitute for a written, signed order

granting a motion for new trial because the order setting the case for trial does not adjudicate the merits of the motion for new trial. *In re Hesser,* No. 05–00–00769–CV (Tex.App.Dallas May 31, 2000, 2000 WL 694742, orig. proceeding) (not designated for publication), 2000 WL 694742; *see also In the Interest of J.H.,* 39 S.W.3d 688, 690 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (docket entry, unsigned and undated handwritten entry on amended motion for new trial, notices of trial setting, and signed orders setting case for trial no substitute for signed, written order granting motion for new trial); *Estate of Townes v. Wood,* 934 S.W.2d 806, 807 (Tex. App.-Houston [1st Dist.] 1996, orig. proceeding) (written, signed order setting case for trial does not, taken by itself or in conjunction with oral pronouncement and docket entry, constitute written, signed order adjudicating merits of motion for new trial); *Cortland Line Co. v. Israel,* 874 S.W.2d 178, 182–82 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (oral pronouncement, docket entry, and signed order setting hearing no substitute for written, signed order granting new trial). Here, the scheduling order does not contain any reference to the pending motion for new trial and does not expressly grant a new trial. Consequently, we conclude that the scheduling order does not constitute a written, signed order granting a new trial. *See* Tex.R. Civ. P. 329b(e). Because the trial court did not grant a new trial by written, signed order, Tran's motion was overruled by operation of law on March 1, 2003, and the trial court's plenary power expired on March 31, 2003. Therefore, the trial court was without jurisdiction to sign the amended scheduling order on April 15, 2003. Consequently, such order is void and constitutes an abuse of discretion. *See In re Southwestern Bell,* 35 S.W.3d at 605.

## WRIT OF PROHIBITION

 Each court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court. Tex. Gov't Code Ann. § 22.221(a) (Vernon Supp.2003). Our jurisdiction to issue "all other writs" is limited to cases in which this court has *actual* jurisdiction of a pending proceeding. *Faherty v. Knize,* 764 S.W.2d 922, 923 (Tex.App.-Waco 1989, orig. proceeding); *Lesikar v. Anthony,* 750 S.W.2d 338, 339 (Tex.App.-Houston [1st Dist.] 1988, orig. proceeding); *see also Kantor v. Herald Pub. Co.,* 632 S.W.2d 656, 658 (Tex.App.-Tyler 1982, orig. proceeding). Therefore, a court of appeals does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *Lesikar,* 750 S.W.2d at 339. Because we do not have actual jurisdiction over a pending proceeding in this case, our jurisdiction is limited to mandamus authority. *See* Tex. Gov't Code Ann. 22.221(b) (Vernon Supp.2003).

## CONCLUSION

Based upon our review of the record and the foregoing analysis, we hold that Tran's motion for new trial was overruled by operation of law on March 1, 2003 and that the trial court's plenary power expired on March 31, 2003. Therefore, the amended scheduling order signed on April 15, 2003 is void and constitutes an abuse of discretion. Because Nguyen does not have an adequate remedy by appeal, we conditionally grant mandamus relief. We trust that the trial court will vacate its amended scheduling order; the writ will issue only if it fails to do so. Nguyen's petition for a writ of prohibition is denied.