COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-002-CV

 

 

IN RE MICHAEL THOMAS O=DONNELL, JR.                                  RELATOR

 

 

                                                                                                        

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

 

I.  Introduction

 

In this original proceeding, Relator Michael O=Donnell,
Jr. complains generally that the trial court abused its discretion by failing
to grant Relator=s AMotion
to Void Prior Orders.@ 
Based on the record before us, we hold that the trial court abused its
discretion by entering orders after its plenary power had expired.  Accordingly, we will conditionally grant the
writ.

 








II.  Procedural
Background

On April 19, 2005, the parties filed with the
trial court a document entitled ARule 11
Agreement.@ 
On that same date, the trial court signed a document titled AAssociate
Judge=s
Report,@ which
was handwritten presumably by Associate Judge Diane Haddock. 

On June 8, 2005, Relator filed a AMotion
to Sign Decree of Divorce.@  Five days later, the trial court Aministerially
signed@ a
document entitled AAgreed Final Decree of Divorce,@ which
states that it was rendered on April 19, 2005.

On June 15, 2005, Real Party in Interest Susan O=Donnell
(RPI) filed a motion for new trial, which the trial court denied eight days
later.  In the order denying the motion
for new trial, the trial court hand wrote, AIT IS
ORDERED that the Judgment to the SAPCR is set aside per 329b.@ 

On December 16, 2005, Relator filed a AMotion
to Void Prior Orders.@ 
In the motion, Relator contended that the April 19, 2005 order was a
final order and requested that the trial court void all the orders that it
issued after its plenary power expired following the final order.  Relator=s motion
was denied that same day.  Relator=s
petition for writ of mandamus followed.

 

 








III.  Standard of Review

Mandamus will issue only to correct a clear abuse
of discretion or the violation of a duty imposed by law when there is no other
adequate remedy at law.  Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  Mandamus is proper if a trial court issues an
order after its plenary power expires.  In
re Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig.
proceeding).  Such an order is void and
constitutes an abuse of discretion.  Id.;
In re Nguyen, 155 S.W.3d 191, 193 (Tex. App.CTyler
2003, orig. proceeding).  Because the
order is void, the relator need not show it does not have an adequate remedy by
appeal.  Nguyen, 155 S.W.3d at 193.

IV.  Trial Court=s
Plenary Power

In four issues, Relator contends that the
document signed on April 19, 2005 was in fact a final judgment that disposed of
all the parties and all the issues before the trial court and that,
consequently, the trial court=s
plenary power expired thirty days later on May 19, 2005.  Relator argues that the orders signed by the
trial court after May 19, 2005, are void. 
Because Relator=s four issues are interrelated,
we will analyze them together below.








Generally, when an associate judge hears the
evidence in a divorce case and makes a recommendation to the court, rendition
of judgment occurs when the court adopts the associate judge=s report
or, if no report is made, when the trial judge signs the final decree.  See Robles v. Robles, 965 S.W.2d 605,
609 n.4 (Tex. App.CHouston [1st Dist.] 1998, pet.
denied) (op. on reh=g); America=s
Favorite Chicken Co. v. Galvan, 897 S.W.2d 874, 878 (Tex. App.CCorpus
Christi 1995, writ denied).  A judgment
or order is final for purposes of appeal if it actually disposes of all pending
parties and claims before the court.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  For an order to constitute a final judgment,
there must be a clear indication in the record that the trial court intended the
order to completely dispose of the entire case. 
Id. at 205.  Courts look to
the substance of a pleading to determine its nature, not merely at the title
given to it.  See BCY Water Supply
Corp. v. Residential Invs., Inc., 170 S.W.3d 596, 604 (Tex. App.CTyler
2005, pet. denied) (op. on reh=g)
(citing State Bar v. Heard, 603 S.W.2d 829, 833 (Tex. 1980)).

The trial court has plenary power to grant a new
trial within thirty days after the judgment is signed.  Tex.
R. Civ. P. 329b(d).  On expiration
of the time within which the trial court has plenary power, a judgment cannot
be set aside by the trial court except by bill of review for sufficient cause,
filed within the time allowed by law.  Tex. R. Civ. P. 329b(f).








Here, the question presented is whether the April 19, 2005
document titled AAssociate Judge=s Report@ is a final
judgment.  While the title of the
documentCAAssociate Judge=s Report@Cwould seem to
indicate that this document is not a final judgment, the parties and the trial
court judge interlineated portions of the document and signed it, apparently
specifically in order to create a final judgment.  The space on the document next to AFinal (parties
waived reporter and appeal to referring court)@ is marked with an
AX.@  The entire second page, which deals with
having a formal order drafted in conformity with the report, is crossed
out.  The issues of possession of the
children, the children=s schooling, and the division of the
marital estate are all set forth in the report. 
The fifth page of the document states Adivorce granted@ and A[a]ny relief not
granted herein is denied,@ and it is signed by Relator, RPI,[2]
and their attorneys.  The associate judge=s typewritten name
is scratched out on every page of the document on which it appears, and the
district judge=s signature appears in its place.  Further evidencing the district judge=s intent to adopt
the associate judge=s recommendations and to render a final
judgment is the trial court=s handwritten
notation on the docket sheet, A4/19/2005 DIVORCE
GRANTED & AGREEMENT APPROVED & ADOPTED AS RENDITION OF THE COURT.@








RPI, in her response, argues that in the trial court
Relator did not treat the April 19, 2005 AAssociate Judge=s Report@ as a final
order.  Instead, RPI contends that
Relator and the parties treated the April 19, 2005 order as a Rule 11 Agreement.  RPI relies on the following facts:  On June 8, 2005, Relator submitted a AMotion to Sign
Decree of Divorce.@ 
Also at some point, Relator submitted the AAgreed Final
Decree of Divorce,@ and RPI states that it was Relator=s proposed final
decree that Respondent signed on June 13, 2005. 
RPI also points out that there were items required by the family code
that were missing from the April 19, 2005 AAssociate Judge=s Report@; thus, she
claims, the report was not a final order. 
See Tex. Fam. Code Ann.
' 105.006 (Vernon
Supp. 2005) (listing elements required in final order).








RPI=s arguments are not supported by the
record.  Relator=s reply brief
includes a copy of an actual Rule 11 Agreement signed by the parties;
therefore, the parties had no need to treat the April 19, 2005 order as a Rule
11 Agreement.  Secondly, the documents
that RPI points out were filed by Relator concerning the June 13, 2005 decree
do not undo the finality of the April 19, 2005 order.  Although Relator did not apparently initially
treat the April 19, 2005 AAssociate Judge=s Report@ as a final order
in the trial court,[3]
it is not the parties= intent that controls whether a judgment
is final.  See Lehman, 39 S.W.3d
at 200 (stating that intent to finally dispose of case must be unequivocally
expressed in the words of the order itself; if that intent is clear from the
order, then the order is final and appealable); see also Brines v. McIlhaney,
596 S.W.2d 519, 524 (Tex. 1980) (orig. proceeding) (granting mandamus and
holding that divorce decree that settled all of the rights controverted by the
parties constituted a final judgment despite incidental language included
therein labeling portions as temporary). 
Finally, the items required to be included in a final order by Texas
Family Code section 105.006 are clerical in nature, not substantive items that
would preclude the AAssociate Judge=s Report@ from being a
final judgment.  RPI fails to point us
to, and we have been unable to locate, any case law stating that a judgment
that disposes of all parties and all issues and does not contemplate entry of
any future judgment is nonetheless interlocutory if it fails to include the
items in Texas Family Code section 105.006. 
Instead, the case law mentioned above demonstrates that a judgment or order
is final if it actually disposes of all pending parties and claims before the
court, which the April 19, 2005 order does. 
See Lehmann, 39 S.W.3d at 195.








Because no motion for new trial was filed within thirty
days of this April 19, 2005 judgment, it became final after May 19, 2005.  See State ex rel. Latty v. Owens, 907
S.W.2d 484, 485-86 (Tex. 1995) (holding that district court=s order adopting
master=s report was a
final appealable order); see generally Tex.
R. Civ. P. 329b.  Thereafter,
Respondent lost plenary power.  See
Tex. R. Civ. P. 329b(d), (f); see
also Pursley v. Pursley, 982 S.W.2d 596, 599-600 (Tex. App.CSan Antonio 1998,
pet. denied) (holding that trial court=s handwritten July
31 AFinal Order,@ which disposed of
all issues and parties, was a final appealable order; trial court=s plenary power
expired before it signed September 4 typed AFinal Order@).  Consequently, Respondent=s orders entered
after May 19, 2005, are nullities.  See
Owens, 907 S.W.2d at 486.  Therefore,
Respondent should have granted Relator=s AMotion to Void
Prior Orders.@  We
sustain Relator=s four issues.

V.  Sanctions

RPI, in her response, requests that we assess
sanctions in the amount of $10,000 for attorney=s fees Afor
bringing this action without sufficient cause and solely for the purpose of
delay.@  However, because we have granted Relator=s
petition for writ of mandamus, we deny RPI=s
request urging us to impose sanctions on Relator for filing an allegedly
frivolous mandamus.

VI.  Conclusion

We conditionally grant the writ.  We are confident that the trial court will
vacate the orders signed after May 19, 2005. 
The writ will issue only if the trial court fails to do so within thirty
days of the date of this opinion.  








Additionally, RPI=s motion
for sanctions is denied.

 

 

SUE
WALKER

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, and WALKER, JJ.

 

DAUPHINOT, J. dissents
without opinion.

 

DELIVERED: March 9, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]As noted in RPI=s brief, this document was
not signed by the intervenor in the suit, who is Relator=s and RPI=s adult daughter.





[3]RPI argues that Relator
waived his right to complain by not objecting at the time that the June 13,
2005 order was entered.  However, an
order entered outside a trial court=s plenary power is void, and a trial court
objection is not a prerequisite to challenge an order for voidness.  See Mapco, Inc. v. Forrest, 795 S.W.2d
700, 703 (Tex. 1990) (orig. proceeding) (stating judgment is void when it is
apparent that court rendering judgment had no jurisdiction).