In re Michael Thomas O'Donnell, Jr.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-002-CV

IN RE MICHAEL THOMAS O’DONNELL, JR. RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In this original proceeding, Relator 
Michael O’Donnell, Jr.
 complains generally that the trial court abused its discretion by 
failing to grant Relator’s “Motion to Void Prior Orders.”
 
 Based on the record before us, we hold that the trial court abused its discretion by entering orders after its plenary power had expired.  Accordingly, we will conditionally grant the writ.

II.
  
Procedural Background

On April 19, 2005, the parties filed with the trial court
 a document entitled “Rule 11 Agreement.”  On
 
that same date, the trial court signed a document titled “Associate Judge’s Report,” which was handwritten presumably by Associate Judge Diane Haddock. 

On June 8, 2005, Relator filed a “Motion to Sign Decree of Divorce.”  Five days later, the trial court “ministerially signed” a document entitled “Agreed Final Decree of Divorce,” which states that it was rendered on April 19, 2005.

On June 15, 2005, Real Party in Interest Susan O’Donnell (RPI) filed a motion for new trial, which the trial court denied eight days later.  In the order denying the motion for new trial, the trial court 
hand wrote, “IT IS ORDERED that the Judgment to the SAPCR is set aside per 329b.” 

On December 16, 2005, Relator filed a “Motion to Void Prior Orders.”  In the motion, Relator contended that the April 19, 2005 order was a final order and requested that the trial court 
void all the orders that it issued after its plenary power expired following the final order.  Relator’s motion was denied that same day.  Relator’s petition for writ of mandamus followed.

III.  Standard of Review

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  Mandamus is proper if a trial court issues an order after its plenary power expires.  
In re Southwestern Bell Tel. Co.
, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).  Such an order is void and constitutes an abuse of discretion.  
Id
.; 
In re Nguyen
, 155 S.W.3d 191, 193 (Tex. App.—Tyler 2003, orig. proceeding).  Because the order is void, the relator need not show it does not have an adequate remedy by appeal.  
Nguyen
, 155 S.W.3d at 193
.

IV.  Trial Court’s Plenary Power

In four issues, Relator contends that the document signed on April 19, 2005 was in fact a final judgment that disposed of all the parties and all the issues before the trial court and that, consequently, the trial court’s plenary power expired thirty days later on May 19, 2005.  Relator argues that the orders signed by the trial court after May 19, 2005, are void.  Because Relator’s four issues are interrelated, we will analyze them together below.

Generally, when an associate judge hears the evidence in a divorce case and makes a recommendation to the court, rendition of judgment occurs when the court adopts the associate judge’s report or, if no report is made, when the trial judge signs the final decree.  
See Robles v. Robles
, 965 S.W.2d 605, 609 n.4 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (op. on reh’g); 
America’s Favorite Chicken Co. v. Galvan
, 897 S.W.2d 874, 878 (Tex. App.—Corpus Christi 1995, writ denied).  A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court.  
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001).  For an order to constitute a final judgment, there must be a clear indication in the record that the trial court intended the order to completely dispose of the entire case.  
Id.
 at 205.  Courts look to the substance of a pleading to determine its nature, not merely at the title given to it.  
See BCY Water Supply Corp. v. Residential Invs., Inc.
, 170 S.W.3d 596, 604 (Tex. App.—Tyler 2005, pet. denied) (op. on reh’g) (citing 
State Bar v. Heard
, 603 S.W.2d 829, 833 (Tex. 1980)).

The trial court has plenary power to grant a new trial within thirty days after the judgment is signed.  
Tex. R. Civ. P.
 329b(d).  On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law.  
Tex. R. Civ. P.
 329b(f).

Here, the question presented is whether the April 19, 2005 document titled “Associate Judge’s Report” is a final judgment.  While the title of the document—“Associate Judge’s Report”—would seem to indicate that this document is not a final judgment, the parties and the trial court judge interlineated portions of the document and signed it, apparently specifically in order to create a final judgment.  The space on the document next to “Final (parties waived reporter and appeal to referring court)” is marked with an “X.”  The entire second page, which deals with having a formal order drafted in conformity with the report, is crossed out
.  The issues of possession of the children, the children’s schooling, and the division of the marital estate are all set forth in the report.  The fifth page of the document states “divorce granted” and “[a]ny relief not granted herein is denied,” and it is signed by Relator, RPI,
(footnote: 2) and their attorneys.  The associate judge’s typewritten name is scratched out on every page of the document on which it appears, and the district judge’s signature appears in its place.  Further evidencing the district judge’s intent to 
adopt the associate judge’s recommendations and to render a final judgment is the trial court’s handwritten notation on the docket sheet, “4/19/2005
 DIVORCE GRANTED & AGREEMENT APPROVED & ADOPTED AS RENDITION OF THE COURT.”

RPI, in her response, argues that in the trial court Relator did not treat the April 19, 2005 “Associate Judge’s Report” as a final order.  Instead, RPI contends that Relator and the parties treated the April 19, 2005 order as a Rule 11 Agreement.  RPI relies on the following facts:  On June 8, 2005, Relator submitted a “Motion to Sign Decree of Divorce.”  Also at some point, Relator submitted the “Agreed Final Decree of Divorce,” and RPI states that it was Relator’s proposed final decree that Respondent signed on June 13, 2005.  RPI also points out that there were items required by the family code that were missing from the April 19, 2005 “Associate Judge’s Report”; thus, she claims, the report was not a final order.
  
See
 
Tex. Fam. Code Ann.
 § 105.006 (Vernon Supp. 2005) (listing elements required in final order).

RPI’s arguments are not supported by the record.  Relator’s reply brief includes a copy of an actual Rule 11 Agreement signed by the parties; therefore, the parties had no need to treat the April 19, 
2005 order as 
a Rule 11 Agreement.  Secondly, the documents that RPI points out were filed by Relator concerning the June 13, 2005 decree do not undo the finality of the April 19, 2005 order.  Although Relator did not apparently initially treat the April 19, 2005 “Associate Judge’s Report” 
as a final order in the trial court,
(footnote: 3) it is not the parties’ intent that controls whether a judgment is final.  
See Lehman
, 39 S.W.3d at 200 (stating that 
intent to finally dispose of case must be unequivocally expressed in the words of the order itself; if that intent is clear from the order, then the order is final and appealable);
 see also Brines v. McIlhaney
, 596 S.W.2d 519, 524 (Tex. 1980) (orig. proceeding) (granting mandamus and holding that divorce decree that settled all of the rights controverted by the parties constituted a final judgment despite incidental language included therein labeling portions as temporary).  
Finally, the items required to be included in a final order by Texas Family Code section 105.006 are clerical in nature, not substantive items that would preclude the 
“Associate Judge’s Report” 
from being a final judgment.  RPI fails to point us to, and we have been unable to locate, any case law stating that a judgment that disposes of all parties and all issues and does not contemplate entry of any future judgment is nonetheless interlocutory if it fails to include the items in Texas Family Code section 105.006.  Instead, the case law mentioned above demonstrates that a judgment 
or order is final if it actually disposes of all pending parties and claims before the court, which the April 19, 2005 order does.  
See Lehmann
, 39 S.W.3d at 195.

Because no motion for new trial was filed within thirty days of this April 19, 2005 judgment, it became final after May 19, 2005.  
See State ex rel. Latty v. Owens
, 907 S.W.2d 484, 485-86 (Tex. 1995) (holding that district court’s order adopting master’s report was a final appealable order)
; see generally 
Tex. R. Civ. P.
 329b.  Thereafter, Respondent lost plenary power.  
See
 
Tex. R. Civ. P.
 329b(d), (f); 
see also Pursley v. Pursley
, 982 S.W.2d 596, 599-600 (Tex. App.—San Antonio 1998, pet. denied) (holding that trial court’s handwritten July 31 “Final Order,” which disposed of all issues and parties, was a final appealable order; trial court’s plenary power expired before it signed September 4 typed “Final Order”
)
.  Consequently, Respondent’s orders entered after May 19, 2005, are nullities.  
See Owens
, 907 S.W.2d at 486.  Therefore, Respondent should have granted Relator’s “Motion to Void Prior Orders.” 
 We sustain Relator’s four issues.

V.  Sanctions

RPI, in her response, requests that we assess sanctions in the amount of $10,000 for attorney’s fees
 “for bringing this action without sufficient cause and solely for the purpose of delay.”  
However, because we have granted Relator’s petition for writ of mandamus, we deny RPI’s request urging us to impose sanctions on Relator for filing an allegedly frivolous mandamus.

VI.  Conclusion

We conditionally grant the writ.  We are confident that the trial court will vacate the orders signed after May 19, 2005.  The writ will issue only if the trial court fails to do so within thirty days of the date of this opinion.  

Additionally, RPI’s motion for sanctions is denied.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. dissents without opinion.

DELIVERED: March 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
As noted in RPI’s brief, this document was not signed by the intervenor in the suit, who is Relator’s and RPI’s adult daughter.

3:
RPI argues that Relator waived his right to complain by not objecting at the time that the June 13, 2005 order was entered.  However, an order entered outside a trial court’s plenary power is void, and a trial court objection is not a prerequisite to challenge an order for voidness.  
See Mapco, Inc. v. Forrest
, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding) (stating judgment is void when it is apparent that court rendering judgment had no jurisdiction).