Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN RE: R. WAYNE JOHNSON,



Relator.
 §


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00167-CV


 

AN ORIGINAL PROCEEDING 

IN PROHIBITION AND

MANDAMUS







M E M O R A N D U M O P I N I O N ON P E T I T I O N F O R

W R I T O F P R O H I B I T I O N A N D M A N D A M U S


 R. Wayne Johnson, an inmate proceeding pro se and in forma pauperis, in a single
petition seeks relief by writ of prohibition and writ of mandamus. For the following reasons, all
relief is denied.

Writ of Prohibition 

 In his petition, Johnson alleges the trial court should not enter an order dismissing his
case because he does not need permission to file suit. According to Johnson, he filed suit against
Denise De Shields of Texas Tech University. Johnson sought an injunction against De Shields
pursuant to Section 321.002 of the Health and Safety Code and alleged he was denied all medical
treatment based on retaliation for the filing of a criminal complaint against all medical staff.

 Johnson argues the trial court cannot enter an order that is adverse to him and the trial
court is prohibited from entering a void order. Johnson also contends that if the court entered a
void order, then this Court could not address the merits of that order. He also alleges an appeal
cannot be taken from a void order. In support of his petition for writ of prohibition, Johnson
argues the writ should issue to prohibit the trial court from entering an order because: (1) the
order would be unconstitutional and void and preclude him from appealing; (2) the original
vexatious order was void; (3) entry of the order would be retaliation; (4) the order would
contravene the Supremacy Clause; and (5) the trial court has a ministerial duty not to enter the
order.

 A writ of prohibition is issued by a superior court and operates like an injunction to
control, limit or prevent action in a court of inferior jurisdiction. In re Cap Rock Energy Corp.,
225 S.W.3d 160, 160 (Tex.App.--El Paso 2005, orig. proceeding), citing Holloway v. Fifth
Court of Appeals, 767 S.W.2d 680, 682 (Tex.1989). The purpose of a writ of prohibition is so a
superior court may protect and enforce its jurisdiction and judgments. Id. The writ is typically
used to protect the subject matter of an appeal or prohibit an unlawful interference with the
enforcement of a superior court's orders and judgments. Id.

 An appellate court may issue a writ of prohibition when necessary to enforce the
jurisdiction of the court. See Tex.Gov't Code Ann. § 22.221(a)(Vernon 2004)(each court of
appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of
the court). Additionally, an appellate court's jurisdiction to issue a writ of prohibition is limited
to cases in which the court has actual jurisdiction of a pending proceeding. In re Nguyen, 155
S.W.3d 191, 194 (Tex.App.--Tyler 2003, orig. proceeding). Therefore, a court of appeals does
not have jurisdiction to issue a writ of prohibition requiring that a trial court refrain from
performing a future act absent actual jurisdiction of a pending proceeding. Nguyen, 155 S.W.3d
at 194. In this case, Johnson does not have a proceeding pending before this Court, therefore,
this Court does not have the jurisdiction to issue a writ of prohibition.

Writ of Mandamus

 In support of his petition for writ of mandamus, Johnson argues this Court should issue
mandamus to settle the trial court's jurisdiction. According to Johnson, the trial court does not
have the jurisdiction to enter an order that is void. Mandamus will lie only to correct a clear
abuse of discretion and there must be no other adequate remedy at law. Walker v. Packer, 827
S.W.2d 833, 839-40 (Tex. 1992)(orig. proceeding). Based on the petition and record before us,
Johnson has failed to show the trial court clearly abused its discretion and that he does not have
an adequate remedy at law. See Tex.R.App.P. 52.7(a). Therefore, mandamus relief is denied.




August 9, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.