COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE:  JASON MIEARS, | § | |
| | § | No. 08-10-00274-CR |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION ON PETITION FOR WRIT OF PROHIBITION**

Jason Miears has filed a *pro se* petition for writ of prohibition.  He states that he is the defendant in a criminal prosecution pending in the 379th Judicial District Court of Bexar County, Texas.  He asserts that the district court "does not have jurisdiction" over the case because "[t]he indictment fails to allege that proper venue of offense is in Bexar County [sic]."  Miears believes that he should be tried in El Paso County instead.  Accordingly, he requests that this Court order the trial judge to transfer the indictment to a district court in El Paso County.

This Court's power to issue writs is set forth in section 22.221 of the Texas Government Code.  Under that statute, we can issue any writ, including a writ of prohibition, when it is necessary to enforce our jurisdiction.  TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004); *see also In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App. – Tyler 2003, orig. proceeding).  This means that we can only issue a writ of prohibition if we already have actual jurisdiction over a pending proceeding.  *See In re Johnson*, No. 08-07-00167-CV, 2007 WL 2274666, at *1 (Tex. App. – El Paso Aug. 9, 2007, orig. proceeding) (mem. op.) (citing *Nguyen*, 155 S.W.3d at 194).  There is no related proceeding pending in this Court and no need for us to enforce our jurisdiction.  Therefore, we do not have the

authority to issue a writ of prohibition.

The statute also grants this Court authority to issue a writ of mandamus against a judge in our geographic district. TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004). If we liberally construed Miears's petition as one seeking a writ of mandamus, we would still not have authority to issue the writ because the Bexar County trial judge is not in our geographic district.

Accordingly, the petition for writ of prohibition is dismissed. Further, the motion to stay is denied.


                                        GUADALUPE RIVERA, Justice

November 3, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)