COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| IN RE: ROSA SERRANO, | | |
| | § | No. 08-11-00145-CV |
| Relator. | | |
| | § | AN ORIGINAL PROCEEDING |
| | § | |
| | § | |

**MEMORANDUM OPINION**

Relator, appearing *pro se*, filed a petition for injunctive relief, complaining of an order granting summary judgment in a forcible detainer case. In addition to granting summary judgment, the order awarded possession of certain commercial property to the Real Party in Interest and required Relator to pay $5,000 in attorney's fees. Although Relator's petition is difficult to understand, she seems to be arguing that the trial court did not allow twenty-one days to pass from the filing of the motion for summary judgment before granting the motion. *See* TEX. R. CIV. P. 166a(c). She also seems to argue that the facts do not support the judgment.

"We may issue an injunction only if it is necessary to enforce our jurisdiction, to preserve the subject matter of an appeal, or to prevent an appeal from becoming moot." *Duncan v. State*, No. 08–10–00309–CV, 2011 WL 1533422, at \*2 (Tex. App. – El Paso Apr. 20, 2011, no pet. h.) (mem. op.), *citing Mathis v. Barnes*, 316 S.W.3d 795, 808–09 (Tex. App. – Tyler 2010, pet. filed); *see also* TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). We cannot issue an injunction to preserve the status quo or for equitable reasons. *Duncan*, 2011 WL 1533422, at \*2; *Mathis*, 316 S.W.3d at 809; *EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex. App. – Fort Worth 1987, no writ). Because no appeal is pending in this matter, we do not have authority to issue an injunction. *See In re*

*Nguyen*, 155 S.W.3d 191, 194 (Tex. App. – Tyler 2003, orig. proceeding).

We have authority to issue a writ of mandamus against certain judges in our geographic district even if an appeal is not pending. *See* TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). However, if we liberally construed Relator's petition as one seeking a writ of mandamus, she would still not be entitled to relief because the petition does not comply with the Texas Rules of Appellate Procedure. Among other things, Relator has not certified that every factual statement in the petition is supported by competent evidence in an appendix or record. *See* TEX. R. APP. P. 52.3(j). The petition is not accompanied by a proper appendix or record. *See* TEX. R. APP. P. 52.3(k), 52.7. Relator has provided copies of the trial court's order, a notice from the trial court, and portions of a lease , but these documents are not certified or sworn and even if they were certified or sworn, they are insufficient to show that Relator is entitled to relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Moreover, Relator did not submit the filing fee or an affidavit of indigence when she submitted the petition. *See* TEX. R. APP. P. 5, 20.1(c)(2). Although she submitted an affidavit of indigence after the petition was filed, the affidavit does not contain the required information. *See* TEX. R. APP. P. 20.1(b). The affidavit falls far short of establishing that Relator is indigent; it does not provide Relator's income or expenses.

The petition for injunctive relief is dismissed.

GUADALUPE RIVERA, Justice

May 27, 2011

Before Chew, C.J., McClure, and Rivera, JJ.