Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



IN RE: ROSA SERRANO,


 Relator.
 §


 


§


 


§


 


§


 


§



No. 08-11-00145-CV



AN ORIGINAL PROCEEDING



MEMORANDUM OPINION


 Relator, appearing pro se, filed a petition for injunctive relief, complaining of an order
granting summary judgment in a forcible detainer case. In addition to granting summary judgment,
the order awarded possession of certain commercial property to the Real Party in Interest and
required Relator to pay $5,000 in attorney's fees. Although Relator's petition is difficult to
understand, she seems to be arguing that the trial court did not allow twenty-one days to pass from
the filing of the motion for summary judgment before granting the motion. See Tex. R. Civ. P.
166a(c). She also seems to argue that the facts do not support the judgment.

 "We may issue an injunction only if it is necessary to enforce our jurisdiction, to preserve the
subject matter of an appeal, or to prevent an appeal from becoming moot." Duncan v. State, No.
08-10-00309-CV, 2011 WL 1533422, at *2 (Tex. App. - El Paso Apr. 20, 2011, no pet. h.) (mem.
op.), citing Mathis v. Barnes, 316 S.W.3d 795, 808-09 (Tex. App. - Tyler 2010, pet. filed); see also
Tex. Gov't Code Ann. § 22.221(a) (West 2004). We cannot issue an injunction to preserve the
status quo or for equitable reasons. Duncan, 2011 WL 1533422, at *2; Mathis, 316 S.W.3d at 809;
EMW Mfg. Co. v. Lemons, 724 S.W.2d 425, 426 (Tex. App. - Fort Worth 1987, no writ). Because
no appeal is pending in this matter, we do not have authority to issue an injunction. See In re
Nguyen, 155 S.W.3d 191, 194 (Tex. App. - Tyler 2003, orig. proceeding).

 We have authority to issue a writ of mandamus against certain judges in our geographic
district even if an appeal is not pending. See Tex. Gov't Code Ann. § 22.221(b) (West 2004). 
However, if we liberally construed Relator's petition as one seeking a writ of mandamus, she would
still not be entitled to relief because the petition does not comply with the Texas Rules of Appellate
Procedure. Among other things, Relator has not certified that every factual statement in the petition
is supported by competent evidence in an appendix or record. See Tex. R. App. P. 52.3(j). The
petition is not accompanied by a proper appendix or record. See Tex. R. App. P. 52.3(k), 52.7. 
Relator has provided copies of the trial court's order, a notice from the trial court, and portions of
a lease , but these documents are not certified or sworn and even if they were certified or sworn, they
are insufficient to show that Relator is entitled to relief. See Tex. R. App. P. 52.3(k)(1)(A),
52.7(a)(1). Moreover, Relator did not submit the filing fee or an affidavit of indigence when she
submitted the petition. See Tex. R. App. P. 5, 20.1(c)(2). Although she submitted an affidavit of
indigence after the petition was filed, the affidavit does not contain the required information. See
Tex. R. App. P. 20.1(b). The affidavit falls far short of establishing that Relator is indigent; it does
not provide Relator's income or expenses.

 The petition for injunctive relief is dismissed.


 GUADALUPE RIVERA, Justice

May 27, 2011


Before Chew, C.J., McClure, and Rivera, JJ.