

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-14-00308-CV

IN RE MICHAEL MUNK, RELATOR

Original Proceeding

August 15, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, Michael Munk, serves as the elected district attorney for the 106th District and has filed his petition for writs of mandamus and prohibition in relation to orders issued by Respondent, the Honorable Carter T. Schildknecht, presiding judge of the 106th District Court, in which Respondent granted a defendant's motion to (1) consolidate the trial of charges pending in three separate indictments and (2) require the State to disclose the criminal history of certain witnesses. Relator further seeks a writ of prohibition that would prevent Respondent from requiring the State to disclose such criminal history of its witnesses in the future. For the reasons expressed herein, we will deny Relator's petition for writs of mandamus and prohibition.

Factual and Procedural History

The subject orders of the instant petition originate in the underlying proceedings styled *State of Texas v. Sammy Carl Williams*, trial court cause number 14-3151. Williams was charged with several offenses stemming from the same criminal episode in three different indictments under trial court cause numbers 14-3149, 14-3150, and 14-3151. In trial court cause number 14-3149, Williams was charged with aggravated assault and failure to stop and render aid. In trial court cause number 14-3150, he was charged with failure to stop and render aid, and, in trial court cause number 14-3151, he was charged with aggravated assault, intoxication assault, and injury to a child. On August 4, 2014, Williams moved to consolidate the charges pending in those three indictments. The State unsuccessfully opposed the consolidation; following a hearing on the motion held August 11, Respondent granted Williams's motion to consolidate the three indictments for trial under a single cause number: 14-3151. On that same day, Respondent also granted Williams's motion to list witnesses and request for criminal histories of the State's witnesses. Trial on the consolidated indictment is scheduled to begin on August 15, 2014.

Relator now seeks extraordinary relief from these two orders in his petition. He contends that this Court should issue writs of mandamus to compel respondent to withdraw her orders dated August 11, by which she granted Williams's motion to consolidate and his request that the State provide the criminal histories of its witnesses. He also requests that this Court issue a writ of prohibition against Respondent directing her to refrain from requiring the State to run criminal background checks on any of its witnesses in the future. In conjunction with his petition for writs of mandamus and

prohibition, Relator sought emergency temporary relief in the form of a stay of the proceedings in trial court cause number 14-3151, proceedings which are scheduled to begin on Friday, August 15. *See* TEX. R. APP. P. 52.10(a). By separate order, this Court denied Relator's motion for emergency relief. For the reasons outlined below, we will likewise deny his petition.

Petition for Writs of Mandamus

Applicable Law and Standards

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Thus, evaluating whether mandamus relief should be granted requires that we determine whether there has been a clear abuse of discretion by the trial court and, if so, whether an adequate appellate remedy exists. *See id.*

Consolidation of Charges for Trial

We first address Relator's contentions in support of his request that this Court compel Respondent by writ of mandamus to withdraw her order dated August 11, 2014, in which she granted Williams's motion to consolidate the charges pending into a single trial court cause number. Relator maintains that the State's consent is required before Respondent may consolidate trial on the three indictments pending against Williams.

It has long been the rule in this State that, when a defendant is faced with multiple pending indictments, those indictments may be consolidated into a single

proceeding with the express or implied—by failure to object—consent of the defendant. *Cervantes v. State*, 815 S.W.2d 569, 571 (Tex. Crim. App. 1991) (en banc). That is not to say that the trial court is required to consolidate the cases on the defendant's request. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980). The general provision of the Texas Penal Code governing consolidation is treated as permissive, meaning that it does not give a defendant the right to demand consolidation of offenses committed in the same criminal episode. *See* TEX. PENAL CODE ANN. § 3.02(a) (West 2011); *Gongora v. State*, 916 S.W.2d 570, 575 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (citing *Nelson v. State*, 864 S.W.2d 496, 498 (Tex. Crim. App. 1993) (en banc)); *see also McNeil v. State*, 398 S.W.3d 747, 758 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd), *cert. denied*, 133 S. Ct. 1264, 185 L. Ed. 2d 205 (2013) (observing that Section 3.02 "does not make consolidation mandatory"). Generally, "the matter of consolidation of indictments, with the defendant's approval, [is] a matter to be left to the discretion of the trial court." *Johnson v. State*, 509 S.W.2d 322, 323 (Tex. Crim. App. 1974).

By moving to consolidate the trial on the several charges pending against him, Williams has expressly consented that those indictments be consolidated and submitted the issue to Respondent's discretion. *See id.* Relator re-urges the State's dissatisfaction with Respondent's exercise of that discretion in favor of consolidation and re-asserts that the State's consent was required before consolidation could be permitted, but it points to nothing that would suggest that Respondent abused her discretion by deciding to proceed in a single trial on the charged offenses from a single criminal episode. That said, we cannot conclude that Respondent abused her

4

discretion by granting Williams's motion and consolidating the charges pending into trial court cause number 14-3151 for trial in a single proceeding. By failing to show that Respondent abused her discretion by entering the order granting Williams's motion to consolidate, Relator has failed to show himself entitled to the extraordinary relief requested. Accordingly, we deny his request for such.

Requiring the State to Disclose Witnesses' Criminal Histories

Next, we address Relator's contention that Respondent abused her discretion by entering an order granting Williams's motion to list witnesses in which he also requested that the State provide to him the criminal history of any witnesses the State intends to call at the guilt/innocence or punishment phase of trial against Williams. In his petition, Relator characterizes Respondent's order as one that directs, "if a criminal history was not already in possession of the State, that the State be required to run a criminal background check on all of its non-law enforcement witnesses." Relator maintains the State has no duty to gather or develop evidence for a defendant that might prove useful in counteracting the State's evidence of the defendant's guilt.

Initially, we note that we do not see the language in Respondent's order of which Relator specifically complains. To the contrary, Respondent's order simply granted Williams's motion, which had requested only that the State provide Williams with "a criminal history on each witness the State intends to call, in either guilt/innocence or punishment stage." Next, we note that defense counsel mistakenly cites to the former Texas Rule of Criminal Evidence 609 in support of his request for criminal histories of

5

the State's witnesses. Of course, this rule has been superseded by Rule 609 of the Texas Rules of Evidence, which govern both civil and criminal evidentiary matters.

Nonetheless, overlooking this error in citing authority to support Williams's request, we note that a prosecutor has an affirmative duty to disclose all material, exculpatory evidence to the defense. *See Lagrone v. State*, 942 S.W.2d 602, 615 (Tex. Crim. App. 1997) (concluding that affirmative duty is "unequivocally clear" under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)); *see also Ex parte Kimes*, 872 S.W.2d 700, 702 (Tex. Crim. App. 1993) (en banc). A prosecutor violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution when he or she fails to disclose material evidence that is favorable to the accused. *See Thomas v. State*, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992) (en banc). Favorable evidence is any evidence, including exculpatory and impeachment evidence, that, if disclosed and used effectively, may make the difference between conviction and acquittal. *Id.* at 403, 404.

With that in mind and despite the formal error in citation to the rules which could be read to support this affirmative duty, Respondent's order granting Williams's request that the State provide to him, "prior to trial, a criminal history on each witness the State intends to call, in either guilt/innocence or punishment stage" is an order consistent on its face with the prosecutorial duty imposed on Relator under current applicable law and is, therefore, not an abuse of discretion. *See id.* By failing to show that Respondent's order was an abuse of discretion, Relator has again failed to show that he is entitled to mandamus relief, and we deny him such.

Petition for Writ of Prohibition

We next address Relator's contention in support of his request that this Court issue a writ of prohibition to prevent Respondent from requiring the State to run criminal background checks on any of its witnesses in the future.

<u>Applicable Law and Standards</u>

We first point out that the writ of prohibition is a creature of limited purpose. *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig, proceeding). The purpose of the writ of prohibition is to enable a superior court to protect and enforce its jurisdiction and judgments. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding). The writ is typically used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Id.* To those ends, a writ of prohibition may issue to accomplish the following tasks: (1) to prevent interference with higher courts in deciding a pending appeal, (2) to prevent inferior courts from entertaining suits which will relitigate controversies which have already been settled by the issuing court, and (3) to prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction. *See In re Lewis*, 223 S.W.3d at 761; *McClelland v. Partida*, 818 S.W.2d 453 (Tex. App.—Corpus Christi 1991, orig. proceeding). The writ of prohibition is designed to operate much like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway*, 767 S.W.2d at 682.

In keeping with the limited purpose of the writ of prohibition, an appellate court's jurisdiction to issue the writ is likewise limited. *See Tex. Employers' Ins. Ass'n v. Kirby*,

137 Tex. 106, 152 S.W.2d 1073, 1073 (1941). In *Kirby*, the Texas Supreme Court concluded that a petition for a writ of prohibition is an ancillary proceeding that is invoked in aid of an appellate court's jurisdiction which has otherwise been properly invoked, not an independent proceeding brought to prohibit an action. *See id.* That said, a writ of prohibition is appropriate only after an appellate court's jurisdiction has been invoked on independent grounds and then only in aid of that jurisdiction. *See id.* So, an appellate court does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *See In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App.—Tyler 2003, orig. proceeding); *Lesikar v. Anthony*, 750 S.W.2d 338 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding).

Analysis

In this instance, Relator has not identified a pending proceeding over which this Court has jurisdiction and by which this Court might have jurisdiction to issue a writ of prohibition to prohibit a future act by Respondent. Nor have we found such a proceeding. Simply put, it appears we have no pending jurisdiction to protect or preserve by way of writ of prohibition. *See Kirby*, 152 S.W.2d at 1073. The instant case does not present one of the limited purposes to be achieved by issuance of a writ of prohibition and, that being the case, we lack jurisdiction to issue such extraordinary relief. *See Holloway*, 767 S.W.2d at 683; *In re Nguyen*, 155 S.W.3d at 194.

Accordingly, we deny Relator's request to issue a writ of prohibition in this context.

## Conclusion

Having concluded that Relator has failed to show himself entitled to the extraordinary remedy of mandamus and having concluded that we lack jurisdiction to issue a writ of prohibition in this context, we deny Relator's petition for writs of mandamus and prohibition.  *See* TEX. R. APP. P. 52.8(a).


Per Curiam