**TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN**

NO. 03-19-00151-CV

**In re Sandra Gonzalez**

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

**D I S S E N T I N G   O P I N I O N**

Although I agree with the majority's decision to deny the relief requested in this original proceeding, I write separately to explain that in the circumstances presented here, I would conditionally grant mandamus relief because I believe that the district court had no jurisdiction to issue an order reinstating the case.

The mandamus record before this Court shows that the district court signed three separate orders from proceedings heard between October 25, 2018, and January 9, 2019. The first order was signed October 25, 2018, and stated that "the Court sua sponte, declines jurisdiction at this time" over the suit. The second order was signed on November 14, 2018, and specified that the "cause is dismissed in its entirety to allow the divorce suit and suit affecting the parent-child relationship to proceed in California." The record before this Court does not indicate that any other motions were filed within 30 days of the second order dismissing the case. However, the trial court signed another order on March 7, 2019, specifying, among other things, that its prior "*Order of Dismissal* is vacated."

After the district court issued its November 14, 2018 order disposing of all matters for the court, the court had thirty days' plenary jurisdiction to sign an order for new trial or to reinstate the case. *See* Tex. R. Civ. P. 329b(d). Although the district court's plenary jurisdiction could have been extended by a timely motion for new trial, the district court's plenary power to grant a new trial or reinstate the case was limited to a maximum of 105 days after the court dismissed the case in its entirety. *See id.* R. 329b(a), (c), (e). Accordingly, it appears that the district court lost jurisdiction in this case, at the latest, on February 27, 2019. For these reasons, I would direct the district court to vacate its March 7, 2019 order. *See In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App.—Tyler 2003, orig. proceeding) (conditionally granting petition for writ of mandamus and directing trial court to "vacate its . . . order" because court signed order after plenary power expired and because signing order outside plenary power constituted abuse of discretion); *see also In re Crosby*, No. 01-11-00691-CV, 2011 WL 4507232, at *1 (Tex. App.—Houston [1st Dist.] Sept. 29, 2011, orig. proceeding) (mem. op.) (conditionally granting petition for writ of mandamus and directing trial court to vacate its order of reinstatement because reinstatement order was not signed until "long after its plenary power expired").

For these reasons, I respectfully dissent from the majority's denial of the petition for writ of mandamus.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Filed: April 22, 2019

2