**Woody K. LESIKAR, Relator,**

**v.**

**Honorable Marsha ANTHONY, Judge of 334th District Court of Harris County, Texas and Donald Rymer, Respondents.**

**No. 01–88–00278–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 28, 1988.

Joseph A. Kornfeld, Hiller, Kornfeld & Falik, Houston, for relator.

Thomas R. McDade, Fulbright & Jaworski, Houston, for respondents.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

PER CURIAM.

Relator, Woody Lesikar, in his petition for a writ of prohibition asks this Court to order Respondent, Honorable Marsha Anthony, Judge of the 334th District Court of Harris County, from proceeding with any further matters in the underlying lawsuit. In his petition for writ of mandamus, relator asks this Court to order Judge Anthony

and her court reporter, Donald Rymer, to turn over a transcript of a hearing held before Judge Anthony on March 21, 1988.

■ We first conclude that we do not have jurisdiction to issue a writ of prohibition in this case. Tex.Gov't Code Ann. sec. 22.221 (Vernon Pamphl.1988), provides, in pertinent part:

(a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

(b) Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district or county court in the court of appeals district.

Our jurisdiction to issue "all other writs" under section 22.221(a) is limited to cases in which this Court has *actual* jurisdiction of a pending proceeding. *Shelvin v. Lykos*, 741 S.W.2d 178, 181 (Tex.App.—Houston [1st Dist.] 1987, orig. proceeding). A court of appeals does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *Bayoud v. North Central Investment Corp.*, 05–87–950–CV (Tex.App.—Dallas, March 22, 1988) (not yet reported). Because we do not have actual jurisdiction over a pending proceeding in this case, our jurisdiction is limited to the mandamus authority provided by section 22.221(b).

■ We next conclude, that although we are granted mandamus jurisdiction under section 22.221(b), that authority does not extend to a court reporter, and that our jurisdiction over a court reporter is limited to that given by section 22.221(a), which requires a pending proceeding. Thus, we hold that we do not have jurisdiction to issue a writ of mandamus to compel the court reporter, Mr. Rymer, to perform his legal duty to provide the relator with a transcript of the trial court proceedings.

We turn now to relator's petition for writ of mandamus relating to Judge Anthony.

■ Relator, in his verified application, states that the federal bankruptcy court has enjoined the real parties in interest from proceeding with their lawsuit pending in Judge Anthony's court. On March 21, 1988, the relator and the real parties in interest attended a hearing before Judge Anthony, which involved the effect of the bankruptcy court order on the proceedings scheduled for trial that day. Judge Anthony, after hearing argument from counsel, ordered that the case proceed to trial. Relator orally requested a transcription of the hearing and later filed a written request, and the transcription of that hearing is the focal point of relator's petition for mandamus.

Relator states that his counsel was informed by Mr. Rymer that although the transcription of the hearing had been completed, Judge Anthony instructed Mr. Rymer to turn over all of his original notes, records, transcripts, and copies, and that those materials were then delivered to Judge Anthony's house.

Judge Anthony, although given an opportunity to respond to relator's petition, has not filed a response with this Court, and the real parties in interest do not challenge the relator's verified application with respect to these facts. Thus, we find the allegations found in relator's petition for writ of mandamus to be uncontroverted.

We conclude from the relator's verified application that Judge Anthony's order, which in effect confiscated Mr. Rymer's materials from the March 21, 1988 hearing, prevents Mr. Rymer from completing his statutory duty as the official court reporter of the court. *See* Tex.Gov't Code Ann. sec. 52.046(a) (directing that a court reporter *shall* furnish a transcript of proceedings to a party on request). Based on the record before us, we hold that Judge Anthony's acts constitute a clear abuse of discretion that interferes with the relator's rights to obtain a transcription of the hearing.

We conditionally grant the relator's petition for writ of mandamus and direct that Judge Anthony vacate her order taking possession of the court reporter's notes, records, transcripts, and copies, of the tes-

timony presented at the March 21, 1988 hearing, and which prohibits the court reporter's transcription of the proceedings. We are confident that the trial court will comply with our decision, and a writ of mandamus will issue only if it fails to do so.