**SANTA FE DRILLING COMPANY OF SOUTH AMERICA and Santa Fe Drilling Company of Venezuela, C.A., Relators,**

v.

**The Honorable Jack O'NEILL, Judge, 152nd Judicial District, Respondent.**

**No. A14–89–00565–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 10, 1989.

Ben Reynolds, Houston, for relators.

Gary M. Riebschlager, Jack W. Tucker, Jr., and J. James Cooper, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

PER CURIAM.

■ Relators ask us to issue a writ of mandamus commanding respondent to rescind his order consolidating cause no. 83–45083 into another cause and granting a motion for new trial.[1] We regretfully decline.

Relators owned and operated a drilling rig in Venezuela. Macley Coromoto Diaz Faneite and Lino Antonio Chirinos–Valera, Venezuelan citizens and residents, were injured as a result of a fire on the rig. Both ultimately died. The survivors of these men brought suit in two different district courts in Harris County, Texas, Carmen Delores Diaz de Faneite filing Cause No. 83–45083 in the 334th Judicial District Court and Julian Chirinos filing Cause No. 83–42546 in the 152nd Judicial District Court. Relators specially appeared under Texas Rule of Civil Procedure 120a and their special appearance was sustained in the Faneite case and the cause against them was dismissed on the grounds that Texas courts had no *in personam* jurisdiction over relators.

After Faneite brought a motion to reconsider, the 334th Judicial District Court upheld dismissal of the Faneite case and, on October 24, 1988, entered an order granting relators' special appearance, an order severing the action against relators from those against all of the remaining defendants, and a final judgment dismissing the lawsuit against relators.

Faneite filed a motion for new trial on November 23, 1988. The motion was overruled by operation of law on January 7, 1989. TEX.R.CIV.P. 329b(c).

On January 5, 1989, Chirinos filed a motion for consolidation in the 152nd Judicial District Court. Respondent heard the motion on January 30, 1989, and ordered the cases consolidated. On February 4, 1989, Faneite and Chirinos reurged the Faneite motion for new trial before respondent and respondent granted the motion.

Relators contend the consolidation of the cases and the granting of a motion for new trial is an abuse of discretion.

A relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden. The relator must establish ... that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion.

*Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (citations omitted).

■ A trial court has broad discretion in the consolidation of causes of action. *E.g.*, *Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 525 (Tex.1982). A court may consolidate actions involving a common question of law or fact. TEX.R.CIV.P. 174(a). Rule 3.2.3 of the local rules of the civil trial division, Harris County District Courts, specifically provides that a motion to consolidate shall be heard in the court where the lowest numbered case is pending. If the court grants the motion, the consolidated case is given the number of the lowest numbered case and is assigned to that court.

---

1. Relators alternatively ask us to issue a writ of prohibition commanding respondent to dismiss with prejudice cause no. 83–42546. We have no jurisdiction to issue a writ of prohibition except to enforce the jurisdiction of the court. TEX. GOV'T CODE ANN. § 22.221(a). We have no appellate jurisdiction over the cause that is the subject matter of this original proceeding. We thus have no jurisdiction to issue a writ of prohibition. *See Lesikar v. Anthony*, 750 S.W.2d 338 (Tex.App.—Houston [1st Dist.] 1988, no writ).

A court retains plenary jurisdiction to vacate, modify, correct, or reform a judgment for thirty days after all timely filed motions for new trial are overruled. TEX.R.CIV.P. 329b. Trial courts have always had broad discretion in the granting of new trials. *Johnson*, 700 S.W.2d at 918.

Respondent and the real parties in interest thus have disregarded no rule. They have defied no case law. Instead, operating within the letter of the law, they have violated its spirit.

Respondent has arrogated to himself the function of an appellate court—power to review the actions of another district court. The same absurd result could have obtained if, instead of obtaining a dismissal, relators had secured a favorable judgment following a lengthy jury trial.

Clearly, this is a case in which we yearn to substitute our discretion for the discretion of the trial court. The Supreme Court, however, has strictly forbidden that course. *Id.* We can only hope that the abuse of the rules of consolidation in this case with the ensuing preposterous result will motivate the amendment of the rules to forbid consolidation of actions after a court enters a final judgment in an action.

The motion for leave is overruled.