Opinion issued August 1, 2002






 

 



In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00609-CV






IN RE MARCUS REDD, Relator






Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 Relator, Marcus Redd, has filed a petition for writ of mandamus to compel
either the district clerk or the clerk of the Fourteenth Court of Appeals to forward him
the record in trial court cause no. 803061 of the 351st District Court of Harris County,
Texas. 

 Relator's appeal of his August, 19, 1999 conviction and 25-year sentence for
aggravated robbery in cause no. 803061 was assigned to the Fourteenth Court of
Appeals. The record was filed in that court free of charge to relator. On July 19,
2001, the Fourteenth Court affirmed his conviction in appellate cause no.
14-99-01122-CR. Mandate issued on November 2, 2001.

 We have no authority to issue a writ of mandamus to the district clerk unless
he or she is interfering with our appellate jurisdiction. See Tex. Gov't Code Ann.
§ 22.221(a) (Vernon Supp. 2002); In re Strickhausen, 994 S.W.2d 936, 936 (Tex.
App.--Houston [1st Dist.] 1999, orig. proceeding); Lesikar v. Anthony, 750 S.W.2d
338, 339 (Tex. App.--Houston [1st Dist.] 1988, orig. proceeding). In this case, the
district clerk is not interfering with our appellate jurisdiction because there is no
appeal pending. Nor do we have any authority to issue a writ of mandamus to the
clerk of the Fourteenth Court of Appeals. The clerk of that court is not a judge, nor
is he interfering with our appellate jurisdiction. See Tex. Gov't Code Ann. §
22.221(a), (b) (Vernon Supp. 2002). A complaint about an act or omission of a court
clerk may generally be made by filing a petition for writ of mandamus in the district
court. See Tex. Gov't Code Ann. § 24.011 (Vernon Supp. 2002); In re Bernard,
993 S.W.2d 453, 454 (Tex. App.--Houston [1st Dist.] 1999, orig. proceeding).

 The petition for writ of mandamus is dismissed for want of jurisdiction.

PER CURIAM


Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.