Opinion issued May 8, 2003










In The

Court of Appeals

For the

First District of Texas

____________


NOS. 01-03-00367-CV

 01-03-00413-CV

 01-03-00414-CV

 01-03-00415-CV

____________


IN RE RICHARD A. MOSBY, Relator






Original Proceeding on Petitions for Writs of Prohibition and

Quo Warranto and for a Declaratory Judgment






MEMORANDUM OPINION Relator Richard A. Mosby has filed--on his on behalf and "for others similarly
situated"--petitions for (1) writs of prohibition (cause number 01-03-00367-CV), (2)
writs of quo warranto (cause numbers 01-03-00413-CV and 01-03-00414-CV), and
(3) a declaratory judgment (cause number 01-03-00415-CV). Mosby has also filed
motions for leave to file each of these petitions. (1)




 Mosby's controlled substances registration certificate was revoked by the
Texas Department of Public Safety on October 4, 2001. His medical license was
revoked by the Texas State Board of Medical Examiners on August 16, 2002. Tex.
State Bd. Med. Exam'rs, In re Mosby, SOAH Docket No. XXX-XX-XXXX (Aug. 16,
2002). He pleaded guilty to knowingly or intentionally delivering a prescription form
for other than a valid medical purpose in the course of professional practice, and the
trial court accessed punishment at 5-years imprisonment and a $500 fine, suspended
for 5-years community supervision. State v. Mosby, No. 884754 (351st Dist. Ct.,
Harris County, Tex. Nov. 5, 2002), appeal dismissed, No. 06-03-00014-CR (Tex.
App.--Texarkana Mar. 5, 2003), reh'g granted, (Tex. App.--Texarkana Apr. 16,
2003); see Tex. Health & Safety Code Ann. § 481.129(c)(1), (f)(2) (Vernon Supp.
2003).

Writs of Prohibition In cause number 01-03-00367-CV, Mosby demands that this Court issue writs
of prohibition directed at the 98 Harris County courts (2) and 96 judges (3) to prevent them from hearing and determining matters he claims lie exclusive within the jurisdiction
of the Texas State Board of Medical Examiners, the State Office of Administrative
Hearings, and the Travis County courts.

 A court of appeals or a justice of the court has jurisdiction to issue writs--other
than writs of mandamus against a district or county court judge--only when
necessary to enforce the jurisdiction of the appellate court. Tex. Gov't Code Ann.
§ 22.221(a), (b) (Vernon Supp. 2003). A court of appeals's jurisdiction under section
22.221(a) to issue writs is limited to cases in which the court has actual jurisdiction
of a pending proceeding. Lesikar v. Anthony, 750 S.W.2d 338, 339 (Tex.
App.--Houston [1st Dist.] 1988, orig. proceeding).

 We have no actual jurisdiction over a pending proceeding in this case. 
Accordingly, we have no subject-matter jurisdiction over cause number 01-03-00367-CV.

Writs of Quo Warranto In cause numbers 01-03-00413-CV and 01-03-00414-CV, Mosby demands that
this Court issue writs of quo warranto directed at (1) the 98 Harris County courts and
96 Harris County judges (cause number 01-03-00413-CV) and (2) the Texas State
Board of Medical Examiners (cause number 01-03-00414-CV) to inquire by what
authority the Harris County courts and judges and the Texas State Board of Medical
Examiners have interfered with Mosby's medical license and controlled substances
registration certification.

 As previously discussed, a court of appeals or a justice of the court has
jurisdiction to issue writs--other than writs of mandamus against a district or county
court judge--only when necessary to enforce the jurisdiction of the appellate court. 
Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon Supp. 2003). Jurisdiction under
section 22.221(a) to issue writs is limited to cases in which the court has actual
jurisdiction of a pending proceeding. Lesikar, 750 S.W.2d at 339. Because we have
no actual jurisdiction over a pending proceeding in this case, we have no subject-matter jurisdiction over cause numbers 01-03-00413-CV and 01-03-00414-CV.

Declaratory Judgment

 In cause number 01-03-00415-CV, Mosby demands that this Court render a
declaratory judgment (1) to define his rights--and the rights of "others similarly
situated"--to practice medicine and to dispense controlled substances and (2) to
define the limits of the Harris County courts and judges to interfere with his rights
and the rights of "others similarly situated." Mosby does not identify the proper
opposing parties to this proposed declaratory judgment, but we will assume they
would be the 98 Harris County courts, 96 Harris County judges, and Texas State
Board of Medical Examiners.

 The jurisdiction of a court of appeals is appellate, unless the legislature confers
original jurisdiction by statute. (4) Tex. Const. art. V, § 6(a). We are not aware of any
statute that gives this Court original jurisdiction to render a declaratory judgment, and
Mosby cites us to no such statute. Accordingly, we conclude we have no subject-matter jurisdiction over cause number 01-03-00415-CV.

Conclusion We dismiss cause numbers 01-03-00367-CV, 01-03-00413-CV, 01-03-00414-CV, and 01-03-00415-CV for want of subject-matter jurisdiction. The corresponding
motions for leave to file each of the petitions are dismissed as moot.


PER CURIAM

Panel consists of Justices Hedges, Jennings, and Alcala.
1. 
 - 
 
 
 
 
 
 
 
 
 -
 
 
 - 
 
 
 
 
 - 
 
 
 
 
 
 
 
 
 
 
 
 -
 - - 
- - - 
 - 
 
 
 
 
 
 -
 
- 
 
 
 
 
 
 - 
 
 
 
 - 
 
 -
 
 
 
 
 - 
 
 
 
 
 
 ' 
 ' 
 
 
 
 
 
 
 
 
 - 
 
 
 
 
 -
 
 
 
 
 
 
 - 
 
 - 
 
 
 
 
 - 
 
 
 - 
 
 
 
 
 
 
 ' 
 ' 
 
 
 
 - 
 
 
 
 
 
 '
 - 
 
 
 
 
 
 
 
 - 
 
 
 - 
 
 
 
 
 
 
- - 
 
 
 - 
 - 
 
 
 
 
 ' 
 
 
 
 
 
 
 
 
 
 - 
 
 
 
 - 
 
 
 
 
 
 - 
- 
 
 
 
 
 
 - "" 
 -
 
 - 
 
 
2. 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
3. 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 - 
 
 
 
 
 
 
 - 
 
 
 
 
 
 
 
 
 
 
4. 
 
 
 
 
 §