Opinion issued April 2, 2004











In The
Court of Appeals
For the
First District of Texas
____________

NOS. 01–04–00131–CV
          01–04–00189–CV
          01–04–00190–CV
____________

IN RE JEFFREY BALAWAJDER, Relator




Original Proceedings on Petitions for Writs of Mandamus




MEMORANDUM OPINIONRelator Jeffrey Balawajder has filed petitions for writs of mandamus
complaining of the Honorable Wayne Rucker, the Grimes County District Clerk
(appellate cause number 01–04–00131–CV), Linda Wells, the official court reporter
of the 12th District Court (appellate cause number 01–04–00189–CV), and the
Honorable Edward Wells, Jr., the Clerk of the Court of Appeals for the Fourteenth
District of Texas. Balawajder contends that (1) Rucker and Linda Wells have not
prepared, certified, and filed the appellate record and (2) Edward Wells has not
docketed Balawajder’s appeal from the October 15, 2002 take–nothing summary
judgment.


 Balawajder has included in the mandamus record verified copies of (1)
his motion to vacate or modify the final summary judgment, with a return receipt
showing delivery to the Grimes County District Clerk on November 13, 2002 and (2)
his notice of appeal, with a certificate of service dated December 31, 2002 and a
return receipt showing delivery to the Grimes County District Clerk on January 3,
2003. Balawajder claims that Rucker has failed to file these two documents.
          A court of appeals or a justice of the court has jurisdiction to issue writs—other
than writs of mandamus against a district–court or county–court judge in the court of
appeals district—only when necessary to enforce the jurisdiction of the appellate
court. Tex. Gov’t Code Ann. § 22.221(a), (b) (Vernon 2004). A court of appeals’s
jurisdiction under section 22.221(a) to issue writs is limited to cases in which the
court has actual jurisdiction of a pending proceeding. Lesikar v. Anthony, 750
S.W.2d 338, 339 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding). The filing
of a notice of appeal invokes the court of appeals’s jurisdiction over the all parties to
the trial court’s judgment. Tex. R. App. P. 25.1(b). After delivery of a notice of
appeal to the trial–court clerk for filing, any further determination concerning
appellate jurisdiction is made by the court of appeals. A court of appeals has
jurisdiction to determine whether it has jurisdiction. In re Washington, 7 S.W.3d 181,
182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).
          Balawajder’s complaint against Edward Wells is that he has not docketing the
appeal. Edward Wells, however, cannot docket an appeal that the Grimes County
District Clerk has not assigned to the Court of Appeals for the Fourteenth District of
Texas. See Tex. Gov’t Code Ann. §§ 22.202(h), .215(e) (Vernon 2004) (provisions
for assignment of cases in First and Fourteenth court–of–appeals districts). Thus,
Balawajder’s complaint concerning Edward Wells is without merit.
          With respect to Balawajder’s complaints concerning Rucker and Linda Wells,
we request that the real party in interest, the Texas Department of Criminal Justice,
file a response to the petitions for writs of mandamus in appellate cause numbers
01–04–00131–CV and 01–04–00189–CV. The Department’s response, if any, should
be received by the Clerk of this Court no later than 5:00 p.m. on April 26, 2004. The
Court suspends the application in this case of Texas Rule of Appellate Procedure
9.2—the mailbox rule—to this time to file a response. See Tex. R. App. P. 2
(allowing suspension of rules). If the Department chooses to send the response by
mail or some other service, then it should ensure that the Clerk receives the response
by that time.
          We deny the petition for a writ of mandamus in appellate cause number
01–04–00190–CV. The petitions for writs of mandamus in appellate cause numbers
01–04–00131–CV and 01–04–00189–CV remain pending before this Court.
 
PER CURIAM
Panel consists of Chief Justice Radack and Justices Alcala and Bland.