NO. 07-08-0400-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0401-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0402-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0403-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0404-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0405-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0406-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0407-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0408-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0409-CRÂ 

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B
Â 
JANUARY 27, 2009

______________________________


ILDEFONSO SANTIAGO MARTINEZ, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

______________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NOS. 56,136-C, 57,334-C, 57,335-C, 57,336-C, 57,337-C,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 57,338-C, 57,339-C, 57,340-C, 57,341-C and 57,342-C;
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â HON. ANA ESTEVEZ, PRESIDING
_______________________________

MEMORANDUM OPINION
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â After a jury trial, appellant Ildefonso Santiago Martinez was convicted of eight counts
of aggravated sexual assault and two counts of indecency with a child. Punishment was
assessed by the jury at life imprisonment for each count of aggravated sexual assault and
twenty years imprisonment for each count of indecency with a child with the sentences to
run consecutively. 
Â Â Â Â Â Â Â Â Â Â Appellantâs appointed counsel has filed motions to withdraw, together with an
Andersâ


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that appellantâs appeals are without merit. Along with his brief, he has provided
a copy of a letter sent to appellant informing him of counselâs belief that there was no
reversible error and of appellantâs right to file a response pro se. By letter dated December
12, 2008, this court also notified appellant of his right to file a response by January 12,
2009, if he wished to do so. To date, we have received neither a response nor a request
for extension of time to file one. 
Â Â Â Â Â Â Â Â Â Â In compliance with the principles enunciated in Anders, appellate counsel discussed
various phases of the trial including pre-trial and voir dire, the guilt/innocence phase, the
charge conference and the courtâs charge, final arguments on guilt/innocence, and the
punishment phase. In doing so, he analyzed why he perceived there to be no reversible
error during each phase. He also discussed whether the evidence was sufficient to support
the verdicts and whether the stacking of appellantâs sentences constituted cruel and
unusual punishment, but again he concluded there was no reversible error. Thereafter,
we conducted our own review of the record to assess the accuracy of appellate counselâs
conclusions and to uncover any reversible error pursuant to Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991) and concluded the same. 
Â Â Â Â Â Â Â Â Â Â Accordingly, the motions to withdraw are granted, and the judgments are affirmed. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Do not publish. 



generic-font-family:roman;
 mso-font-pitch:auto;
 mso-font-signature:0 0 0 0 0 0;}
@font-face
 {font-family:"Arial Italic";
 panose-1:2 11 6 4 2 2 2 9 2 4;
 mso-font-charset:0;
 mso-generic-font-family:roman;
 mso-font-pitch:auto;
 mso-font-signature:0 0 0 0 0 0;}
 /* Style Definitions */
 p.MsoNormal, li.MsoNormal, div.MsoNormal
 {mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 color:black;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Header Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 color:black;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footer Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 color:black;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 mso-bidi-font-family:Tahoma;
 color:black;}
p.FreeForm, li.FreeForm, div.FreeForm
 {mso-style-name:"Free Form";
 mso-style-unhide:no;
 mso-style-parent:"";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 mso-bidi-font-family:"Times New Roman";
 color:black;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 color:black;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"?????? Pro W3","serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 color:black;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"?????? Pro W3","serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 color:black;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("07-11-0160.cv%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-11-0160.cv%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-11-0160.cv%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-11-0160.cv%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-11-0160.cv%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-11-0160-CV

   Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
D

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  APRIL
27, 2011

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  EX PARTE BARRY DWAYNE MINNFEE,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Relator

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Opinion on Original Proceeding

______________________________

Â 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending
before the court is Barry Dwayne MinnfeeÂs
application for a writ of mandamus or habeas corpus.Â Â  Though much of it is unintelligible, he does
state that he Âis being deprived of liberty of jail time credit
proceedings.ÂÂ  Thus, we construe the
document as implicating the recalculation of his prison term through the
application of jail time credit, and in so interpreting the petition,
we deny it for the following reasons.

Minnfee is not appealing from an order denying
him habeas relief.Â  Instead, he initiated
an original proceeding with us, citing art. 11.07 of
the Texas Code of Criminal Procedure as authority to do so.Â  However, we have no jurisdiction over art. 11.07 proceedings.Â  Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
Supp. 2010); see Watson
v. State, 96 S.W.3d 497, 500 (Tex. App.ÂAmarillo 2002, pet. ref'd)
(holding that courts of appeal lack the authority to issue original writs of
habeas corpus in other than certain civil matters); see also Tex. GovÂt Code Ann. Â§22.221(Vernon 2004) (providing the authority
to issue certain writs).Â Â  

As
for mandamus relief, we lack plenary jurisdiction to issue such writs.Â  Rather, our authority is restricted to
ordering district or county court judges to act or not viz a proceeding
before them, Tex. GovÂt
Code Ann.
Â§22.221(b)
(Vernon 2004); In re Hettler,
110 S.W.3d 152, 154 (Tex. App.ÂAmarillo
2003, orig. proceeding), or to protect our jurisdiction.Â  Tex. GovÂt Code Ann. Â§22.221(a) (Vernon 2004).Â  The latter requires that there be an appeal
or like proceeding pending before us involving the relator.Â  Lesikar v. Anthony, 750 S.W.2d 338, 339 (Tex. App.ÂHouston
[1st Dist.] 1988, orig. proceeding).Â 
We do not see where Minnfee is asking us to
order either a district or county court judge to do anything.Â  Nor do the circumstances described in his
petition encompass or implicate an appeal pending on our docket.Â  So we lack the jurisdiction to issue a writ
of mandamus.

Therefore,
we deny the petition for either a writ for habeas corpus or mandamus. 

Â 

Brian Quinn

Chief Justice

Â 

Â 

Â 

Â