NO. 07-11-0160-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 27, 2011

_____

EX PARTE BARRY DWAYNE MINNFEE,

                                                                Relator

_____

*Opinion on Original Proceeding*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is Barry Dwayne Minnfee's application for a writ of mandamus or habeas corpus. Though much of it is unintelligible, he does state that he "is being deprived of liberty of jail time credit proceedings." Thus, we construe the document as implicating the recalculation of his prison term through the application of jail time credit, and in so interpreting the petition, we deny it for the following reasons.

Minnfee is not appealing from an order denying him habeas relief. Instead, he initiated an original proceeding with us, citing art. 11.07 of the Texas Code of Criminal Procedure as authority to do so. However, we have no jurisdiction over art. 11.07 proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *see Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.–Amarillo 2002, pet. ref'd) (holding that courts of appeal lack the authority to issue original writs of habeas corpus in other than certain

civil matters); see also TEX. GOV'T CODE ANN. §22.221(Vernon 2004) (providing the authority to issue certain writs).

As for mandamus relief, we lack plenary jurisdiction to issue such writs. Rather, our authority is restricted to ordering district or county court judges to act or not *viz* a proceeding before them, TEX. GOV'T CODE ANN. §22.221(b) (Vernon 2004); *In re Hettler*, 110 S.W.3d 152, 154 (Tex. App.–Amarillo 2003, orig. proceeding), or to protect our jurisdiction. TEX. GOV'T CODE ANN. §22.221(a) (Vernon 2004). The latter requires that there be an appeal or like proceeding pending before us involving the relator. *Lesikar v. Anthony*, 750 S.W.2d 338, 339 (Tex. App.–Houston [1st Dist.] 1988, orig. proceeding). We do not see where Minnfee is asking us to order either a district or county court judge to do anything. Nor do the circumstances described in his petition encompass or implicate an appeal pending on our docket. So we lack the jurisdiction to issue a writ of mandamus.

Therefore, we deny the petition for either a writ for habeas corpus or mandamus.

Brian Quinn
Chief Justice

2