NO. 07-11-0160-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                                APRIL
27, 2011

 

                                            ______________________________

 

 

                                         EX PARTE BARRY DWAYNE MINNFEE,

 

                                                                                                                        Relator

                                            ______________________________


 

                                                Opinion on Original Proceeding

______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending
before the court is Barry Dwayne Minnfee’s
application for a writ of mandamus or habeas corpus.   Though much of it is unintelligible, he does
state that he “is being deprived of liberty of jail time credit
proceedings.”  Thus, we construe the
document as implicating the recalculation of his prison term through the
application of jail time credit, and in so interpreting the petition,
we deny it for the following reasons.

Minnfee is not appealing from an order denying
him habeas relief.  Instead, he initiated
an original proceeding with us, citing art. 11.07 of
the Texas Code of Criminal Procedure as authority to do so.  However, we have no jurisdiction over art. 11.07 proceedings.  Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
Supp. 2010); see Watson
v. State, 96 S.W.3d 497, 500 (Tex. App.–Amarillo 2002, pet. ref'd)
(holding that courts of appeal lack the authority to issue original writs of
habeas corpus in other than certain civil matters); see also Tex. Gov’t Code Ann. §22.221(Vernon 2004) (providing the authority
to issue certain writs).   

As
for mandamus relief, we lack plenary jurisdiction to issue such writs.  Rather, our authority is restricted to
ordering district or county court judges to act or not viz a proceeding
before them, Tex. Gov’t
Code Ann.
§22.221(b)
(Vernon 2004); In re Hettler,
110 S.W.3d 152, 154 (Tex. App.–Amarillo
2003, orig. proceeding), or to protect our jurisdiction.  Tex. Gov’t Code Ann. §22.221(a) (Vernon 2004).  The latter requires that there be an appeal
or like proceeding pending before us involving the relator.  Lesikar v. Anthony, 750 S.W.2d 338, 339 (Tex. App.–Houston
[1st Dist.] 1988, orig. proceeding). 
We do not see where Minnfee is asking us to
order either a district or county court judge to do anything.  Nor do the circumstances described in his
petition encompass or implicate an appeal pending on our docket.  So we lack the jurisdiction to issue a writ
of mandamus.

Therefore,
we deny the petition for either a writ for habeas corpus or mandamus. 

 

Brian Quinn

Chief Justice

 

 

 

 






uently, the State moved the trial court to revoke appellant’s
probation.  She pled true to the alleged
violations of the terms of her community supervision, and the trial court held
a hearing.  Upon completion of the
hearing, the trial court revoked appellant’s probation and sentenced her to two
years in a state jail facility.  The
trial court certified that appellant had the right to appeal.  

            Appellant’s counsel has now moved to
withdraw, after filing a brief pursuant to Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing
that he has searched the record and found no arguable grounds for
reversal.  The motion and brief
illustrate that appellant was informed of her right to review the appellate
record and file her own brief.  So too
did we inform her that any pro se response or brief she cared to file
had to be filed by April 19, 2010.  To
date, she has filed no such
response or brief.  

            In compliance with the principles
enunciated in Anders, appellate counsel discussed each phase of the case
including the original plea of guilty, the revocation hearing which included
appellant entering a plea of true to the motion’s allegations and the
“propriety of the $1,000.00 sanction fine imposed on Appellant in the first
revocation proceeding.”   However,
counsel goes on to explain why the issues are without merit.   

            We have also conducted an
independent review of the record to determine whether there existed reversible
error and found none.  Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct
an independent review of the record).   A
plea of true alone is sufficient to support the finding that appellant violated
her probation.  Atchison v. State, 124 S.W.3d 755, 758-59 (Tex. App.–Austin
2003, pet. ref’d). 
The punishment assessed was also within the range prescribed by
law.  Tex.
Penal Code Ann. §§37.10(c)(1) & 12.35(a)
(Vernon Supp. 2009).

            

Accordingly,
we grant counsel’s motion to withdraw and affirm the judgment of the trial
court.[1]

 

Brian Quinn

                                                                                   Chief Justice

 

Do not publish.

 

 











[1]Appellant has the right to file a pro
se petition for discretionary review from this opinion.