

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00254-CR

Ex parte John E. **RODARTE** Sr.

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. WR-59,240-02,06
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  May 8, 2013

DISMISSED FOR LACK OF JURISDICTION

John E. Rodarte Sr. has filed an "Order of Review Trial Court Denying Writ of Habeas Corpus Trial Court's Refusal to Address Petitioner's Constitutional Violations, Thus Denying Petitioner's Writ of Habeas Corpus, Invoking Trial Court and Fourth Court of Appeals' Subject Matter Jurisdiction." Rodarte was convicted of aggravated assault of a child and indecency by contact, and was sentenced to life imprisonment and twenty years imprisonment, respectively. *See Rodarte v. State*, No. 04-04-00673-CR, 2006 WL 622516 (Tex. App.—San Antonio 2006, pet. ref'd). His conviction is final. He has now filed post-conviction writs of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, and it appears the document filed in this court is complaining of the trial court's rulings and/or inaction regarding these post-conviction felony habeas corpus proceedings. However, we have no jurisdiction over such

matters. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art 11.07, § 5 (West Supp. 2012); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *Ex parte Minnfee*, 343 S.W.3d 526, 526 (Tex. App.—Amarillo 2011, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717-18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). We have no jurisdiction over such proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Ex parte Minnfee*, 343 S.W.3d at 526; *In re McAfee*, 53 S.W.3d at 716-17. Nor do we have jurisdiction over a mandamus petition relating to a final post-conviction felony habeas corpus proceeding. *See In re McAfee*, 53 S.W.3d at 718 (concluding that courts of appeals have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07 of the Texas Code of Criminal Procedure). Only the Texas Court of Criminal Appeals has jurisdiction in such a matter. *See id.* We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH